IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CHRISTOPHER JON KRUMMEL                                                    PLAINTIFF

v.                                        CIVIL NO. 22-5150

KILOLO KIJAKAZI, Acting Commissioner                                       DEFENDANT
Social Security Administration

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS**

Plaintiff, Christopher Jon Krummel, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act ("the Act"), 42 U.S.C. § 423(d)(1)(A). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.     Procedural Background:**

Plaintiff protectively filed his applications for DIB and SSI on December 10, 2019, alleging an inability to work since February 1, 2019, due to bipolar, anxiety, diverticulitis, hardening of his arteries, degenerative disc disease, osteoarthritis, carpal tunnel syndrome, and a prostate problem. (Tr. 13, 255). Plaintiff amended his onset date to July 16, 2019, in a brief from his representative. (Tr. 359). An administrative hearing was held on July 1, 2021, at which Plaintiff appeared in person with counsel and testified. (Tr. 35–57). Plaintiff confirmed his amended onset date at this hearing. (Tr. 37). Plaintiff's wife, Tina Krummel, and a vocational expert (VE) also testified at this hearing.

1

The ALJ issued an unfavorable decision on September 23, 2021. (Tr. 10–34). The ALJ found that Plaintiff had an impairment or combination of impairments that were severe: degenerative disc disease, bipolar disorder, anxiety, post-traumatic stress disorder, status post colectomy, and right carpal tunnel syndrome. (Tr. 15). The ALJ found that Plaintiff also suffered from the following medically determinable impairments that were not severe: osteoarthritis of the right hip, right shoulder impingement syndrome, chronic venous insufficiency, and coronary artery disease. (Tr. 16). After reviewing all evidence presented, the ALJ determined that through the date last insured, Plaintiff's impairments did not meet or equal the level of severity of any impairment in the Listing of Impairments found in 20 C.F.R., Subpart P, Appendix 1. (Tr. 16–18). The ALJ found Plaintiff retained the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b) and work where interpersonal contact is routine but superficial, e.g., grocery checker, complexity of task is learned by experience, several variables, judgment within limits, and supervision is little for routine but detailed for non-routine. (Tr. 19–25).

With the help of a VE, the ALJ determined that the Plaintiff would be unable to perform any of his past relevant work but would be able to perform the representative occupations of housekeeping or packing line worker. (Tr. 25–26). The ALJ found Plaintiff had not been under a disability, as defined by the Act, from July 16, 2019, through March 20, 2021, the date of his decision. (Tr. 26).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which was denied on May 31, 2022. (Tr. 1–4). Subsequently, Plaintiff filed this action. (ECF No. 2). The parties have filed appeal briefs and this case is before the undersigned for report and recommendation pursuant to 28 USC §636 (b). (ECF Nos. 13, 15). The Court has reviewed the

entire transcript. The complete set of facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

## II. Applicable Law:

This Court's role is to determine whether substantial evidence supports the Commissioner's findings. *Vossen v. Astrue*, 612 F.3d 1011, 1015 (8th Cir. 2010). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019). We must affirm the ALJ's decision if the record contains substantial evidence to support it. *Blackburn v. Colvin,* 761 F.3d 853, 858 (8th Cir. 2014). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. *Id*.

A claimant seeking Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § 423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A Plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience.  *See* 20 C.F.R. § 404.1520(a)(4).  The fact finder only considers Plaintiff's age, education, and work experience in light of his or her residual functional capacity if the final stage of the analysis is reached.  20 C.F.R. § 404.1520(a)(4)(v).

### III.    Discussion

Plaintiff raises the following issues in this matter: 1) whether the ALJ erred in failing to fully and fairly develop the record; 2) whether the ALJ erred at step two; and 3) whether the ALJ erred in his residual functional capacity determination. (ECF No. 13).  The Commissioner argues that the ALJ's failure to include gastrointestinal impairments as a severe impairment at step two was not an error, as the ALJ found other impairments to be severe and continued to the next step of the sequential evaluation. (ECF No. 14). The Commissioner also argues the ALJ properly weighed the opinions of Plaintiff's physicians Dr. Robert Karas, Dr. Mark Miedema, and his therapist, Audrey Adams, LSCW.

Of particular concern to the undersigned is the ALJ's RFC determination.  RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1).  It is assessed using all relevant evidence in the record.  *Id*.  This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations.  *Guilliams*

4

*v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005); *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect h[er] RFC." *Id*.

Plaintiff's argument that the ALJ failed to adopt any restrictions related to Plaintiff's carpal tunnel syndrome in the RFC findings, despite finding this impairment to be severe, was not well addressed in the Commissioner's reply brief. However, this argument is sound. Despite finding Plaintiff's right carpal tunnel syndrome to be severe at step two, the ALJ does not elucidate any limitations this impairment would cause in his RFC discussion. (Tr. 34–40). The RFC findings do not appear to contemplate any limitations stemming from Plaintiff's carpal tunnel syndrome. A claimant's RFC must fully account for all of his or her impairments, whether severe or non-severe. *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir. 2008). By definition, a severe impairment is one that significantly limits a claimant's ability to engage in basic work activities. *Martise v. Astrue*, 641 F.3d 909, 923 (8th Cir. 2011). "A finding that an impairment is severe cannot square with a conclusion that it imposes no limitations. It is axiomatic that a severe impairment imposes limitations, and an impairment that imposes no limitations is not severe." *Pickens v. Berryhill*, No. 4:18-CV-212-JLH-BD, 2019 WL 1219707, at *2 (E.D. Ark. Mar. 15, 2019), report and recommendation adopted, No. 4:18-CV-212-JLH-BD, 2019 WL 1449618

(E.D. Ark. Apr. 1, 2019); *see also Franklin v. Comm'r of Soc. Sec. Admin.*, No. 4:20-CV-01037-BSM-ERE, 2021 WL 4950299, at *2 (E.D. Ark. Oct. 25, 2021), report and recommendation adopted, No. 4:20-CV-01037-BSM, 2022 WL 823579 (E.D. Ark. Mar. 17, 2022) ("The ALJ cannot plausibly find at Step Two that Ms. Franklin's impairment significantly limits her ability to perform basic work activities and also disregard the impairment in determining her RFC."). In this case, it makes little sense for the ALJ to find Plaintiff's carpal tunnel syndrome was severe, but then find that Plaintiff's treating physician's opinions that his carpal tunnel syndrome would impose manipulative limitations were unpersuasive. The Court believes remand is necessary for the ALJ to more clearly account for all of Plaintiff's limitations in the RFC determination.

### III.    Conclusion

Based on the foregoing, it is recommended that the Commissioner's final decision be reversed, and the case remanded back to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

**The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 22nd day of June 2023

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE